

FILED
CLERK, U S DISTRICT COURT

JUL 19 2002

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          BY DEPUTY

**ENTERED**

JUL 22 2002

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          DEPUTY
BY

X  **Priority**
X  **Send**
___ **Clsd**
X  **Enter**
X  **JS-5/JS-6**
___ **JS-2/JS-3**
___ **Scan Only**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. EDCV 01-00979-VAP(SGLx) |
| Plaintiff, | **FINAL JUDGMENT** |
| v. | |
| JOHN C. WILLY, JR., | |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to the Order filed on July 10, 2002, Granting Plaintiff's Motion for Summary Judgment:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant Willy and all persons bound by this Final Judgment pursuant to Fed. R. Civ. P. 65(d), are permanently restrained and enjoined from, directly or indirectly, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell, offer to sell or offer to buy any security; or carrying or causing to be carried through

ENTER ON TCMS

JUL 22 2002

25

1 the mails or in interstate commerce, by any means or
2 instruments of transportation, any security for the
3 purpose of sale or for delivery after sale, unless a
4 registration statement is in effect as to such security,
5 in violation of Sections 5(a) and 5(c) of the Securities
6 Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) &
7 77e(c).

8

9     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
10 Defendant Willy and all persons bound by this Final
11 Judgment pursuant to Fed. R. Civ. P. 65(d), are
12 permanently restrained and enjoined from, in the offer or
13 sale of any securities by the use of any means or
14 instruments of transportation or communication in
15 interstate commerce or by the use of the mails, directly
16 or indirectly:

17     A.   employing any device, scheme or artifice to
18          defraud;

19     B.   obtaining money or property by means of any
20          untrue statement of a material fact or any
21          omission to state a material fact necessary in
22          order to make the statements made, in the light
23          of the circumstances under which they were made,
24          not misleading; or

25     C.   engaging in any transaction, practice, or course
26          of business which operates or would operate as a
27          fraud or deceit upon the purchaser;

28

1 | in violation of Section 17(a) of the Securities Act, 15
2 | U.S.C. § 77q(a).

3

4 |     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
5 | Defendant Willy and all persons bound by this Final
6 | Judgment pursuant to Fed. R. Civ. P. 65(d), are
7 | permanently restrained and enjoined from, directly or
8 | indirectly, by the use of any means or instrumentality of
9 | interstate commerce, or of the mails, or of any facility
10 | of any national securities exchange, in connection with
11 | the purchase or sale of any security:

12 |     A.   employing any device, scheme, or artifice to
13 |          defraud;
14 |     B.   making any untrue statement of a material fact or
15 |          omitting to state a material fact necessary in
16 |          order to make the statements made, in the light
17 |          of the circumstances under which they were made,
18 |          not misleading; or
19 |     C.   engaging in any act, practice, or course of
20 |          business which operates or would operate as a
21 |          fraud or deceit upon any person;
22 | in violation of Section 10(b) of the Securities Exchange
23 | Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and
24 | Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.
25 | //
26 | //
27 | //
28 | //

3

1    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
2  judgment shall be entered against Defendant Willy in the
3  amount of $2,403,634.35, representing his ill-gotten
4  gains ($2,095,000), together with prejudgment interest
5  ($308,634.35).

6

7    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
8  Defendant Willy is assessed a third tier civil penalty in
9  the amount of $2,095,000, pursuant to Section 20(d) of
10  the Securities Act, 15 U.S.C. § 77t(d), and Section
11  21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

12

13    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this
14  Court shall retain jurisdiction over this action for all
15  purposes, including to implement and enforce the terms of
16  this Final Judgment and all other orders and decrees
17  which may be entered in this case, and to grant such
18  other relief as this Court may deem necessary and just.

19

20

21  Dated: July 19, 2002

VIRGINIA A. PHILLIPS
United States District Judge

22

23

24

25

26

27

28

4